**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| PATRICIA AGUILAR | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-cv-307 |
| | § | |
| K&S SHAVED ICE DBA KONA ICE | § | **JURY TRIAL DEMANDED** |
| OF LONGVIEW | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, PATRICIA AGUILAR  alleges as follows:

**NATURE OF THE ACTION**

1.    This lawsuit seeks to recover overtime compensation for Plaintiff Defendant K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW OF LONGVIEW ("Defendant").

2.    Defendant operates a shaved ice business in Longview, Texas.

3.    K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW OF LONGVIEW staffs its stores leanly, and strictly  manages hours worked by non-exempt workers to avoid paying them overtime. To compensate for this deliberate understaffing, K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW OF LONGVIEW relies heavily on its salaried SMs to perform the duties of non-exempt employees when there are not enough hourly employees to   do so. Because of K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW OF LONGVIEW's retail hours and lean staffing model, SMs regularly work in excess of forty (40) hours per work week and frequently work ten or more hours a day.

4.    Although Plaintiff was labeled as a "manager," she was not responsible for true

management functions. To the contrary, Plaintiff spend the vast majority of her time performing the same duties as non-exempt employees. Plaintiff's primary duties, which occupy the majority of her time was the preparation of shaved ice products for customers of Defendant.

5.    The primary duties of Plaintiff did not fall within any of the exemptions under federal or state overtime laws.

6.    Defendant regularly required Plaintiff to work in excess of 40 hours per workweek.

7.    By failing to pay Plaintiff, the overtime wages she earned and to which she is entitled by law, Defendant has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA").

## THE PARTIES

8.    Plaintiff PATRICIA AGUILAR ("Plaintiff") is an adult individual who is a resident of Tatum, Texas.

9.    Plaintiff was employed by Defendant as a SM from approximately January 3, 2023 to September 30, 2023 in Longview, Texas.

10.    Defendant paid Aguilar a weekly salary of $1,000.00.

11.    Pursuant to Defendant's policy, pattern, and/or practice, Plaintiff regularly worked more than 40 hours in a workweek, but was not compensated for overtime hours worked. Plaintiff typically worked between 45 and 55 hours per week. Plaintiff was not paid overtime wages for the hours she worked in excess of 40 each week.

12.    At all times relevant hereto, Plaintiff was a covered employee within the meaning of the FLSA.

13.     A written consent form for Plaintiff is attached hereto as Exhibit A.

14.     K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW is a Texas limited liability company with a principal place of business in Longview, Texas.

15.     K&S SHAVED ICE LLC DBA KONA ICE OF LONGVIEW may be served through its registered agent, Jason A. Holt, 4001 Technology Center, Suite 204, Longview, Texas 75605.

16.     At all relevant times, Defendant was and is an "employer" within the meaning of the FLSA.

17.     Throughout the relevant period, Defendant employed Plaintiff within the meaning of the FLSA. Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

18.     At all times relevant, Defendant maintained control, oversight and direction over Plaintiff, including timekeeping, payroll and other employment practices that applied to them.

19.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

21.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(3) because Defendant does business in this district and employed Plaintiff here.

## FACTUAL ALLEGATIONS

23.    Plaintiff brings this cause of action pursuant to the FLSA, 29 U.S.C. § 216(b).

24.    Throughout her employment with Defendant, Plaintiff regularly worked in excess of 40 hours per week.

25.    Defendant was aware that Plaintiff worked more than 40 hours per workweek, yet Defendant failed to pay her overtime compensation for any of the hours worked over 40 in a workweek.

26.    Defendant failed to keep accurate records of the hours that Plaintiff worked.

27.    The primary duties of Plaintiff were non-exempt in nature. Plaintiff performed the same duties as the hourly employees who were entitled to overtime such as customer service, sales, receiving and processing shipments, merchandising and placing products on the sales floor.

28.    Plaintiff was closely supervised by her supervisor, and through common policies and procedures that defined and circumscribed her work. Plaintiff was not responsible for the overall performance of the stores.

29.    Plaintiff did not have authority to hire or fire employees, nor did she have much, if any, input into who was hired and fired.

30.    During the relevant period, Defendant uniformly classified Plaintiff as exempt from the FLSA's overtime pay requirements.

31.    Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

32.    Defendant was aware, or should have been aware, that the FLSA required it to pay Plaintiff overtime compensation for hours worked in excess of 40 per week.

33.    Defendant's failure to pay Plaintiff overtime was willful.  Defendant's unlawful conduct has been widespread, repeated, and consistent.

34.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a.    willfully failing to pay Plaintiff overtime wages for hours that they worked in excess of 40 hours per workweek;

b.    willfully misclassifying Plaintiff as exempt from the protections of the FLSA; and

c.    willfully failing to record all of the time that Plaintiff have worked for the benefit of Defendant.

35.    Defendant is aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff an overtime premium for hours worked in excess of 40 per workweek.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

36.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

38.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

39.    At all relevant times, Plaintiff was engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

41.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43.     Defendant failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

44.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

45.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

46.     As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

47.     As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff  prays for the following relief:

A.     Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA, and the supporting United States Department of

Labor's and  state regulations;

     B.      Pre-judgment interest and post-judgment interest as provided by law;

     C.      Appropriate equitable and injunctive relief to remedy violations, including but

not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

     D.      Attorneys' fees and costs of the action; and

     E.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

ATTORNEY FOR PLAINTIFF