**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **PATRICIA AGUILAR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:25-cv-307** |
| | § | |
| **K&S SHAVED ICE DBA KONA  ICE** | § | |
| **OF LONGVIEW** | § | **JURY TRIAL REQUESTED** |
| | § | |
| **Defendant.** | § | |
| | § | |

**<u>DEFENDANT'S ORIGINAL ANSWER</u>**

TO THE HONORABLE COURT:

Defendant K&S Shaved Ice, LLC d/b/a Kona Ice of Longview ("Defendant") files this Original Answer to the Original Complaint ("Complaint") filed by Plaintiff Patricia Aguilar ("Plaintiff") on March 19, 2025 (Dkt. 1):

**<u>NATURE OF THE ACTION</u>**[1]

1. Defendant admits that this  lawsuit seeks to recover overtime compensation  for Plaintiff from Defendant, but Defendant denies that its d/b/a is "Kona Ice of Longview of Longview".

2. Admitted.

3. Denied.

---

[1] Defendant repeats the headings and paragraph numbering from the Complaint to simplify comparison of the Complaint and this Answer. In doing so, Defendant makes no admissions regarding the substance of the headings or any other allegations of the Complaint. Unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Defendant specifically denies all such allegations.

4. Defendant admits that Plaintiff was a "manager" from September 3, 2023 – November 25, 2023, but Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Denied.

6. Denied.

7. Denied.

## THE PARTIES

8. Defendant admits that Plaintiff is an adult, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits it employed Plaintiff as a manager from September 3, 2023 – November 25, 2023 in Longview, Texas, but Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits it paid Plaintiff a salary at the rate of $50,000 per year, for the period of September 3, 2023 – November 25, 2023.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that, for the period of September 3, 2023 – November 25, 2023, Plaintiff sometimes worked more than 40 hours per workweek.  Defendant further admits that it paid Plaintiff on a salary basis, not hourly with overtime.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Denied.

13. Denied.

14. Admitted.

15. Admitted.

16. Defendant admits that it was an employer within the meaning of the FLSA as to Plaintiff for the period of September 3, 2023 – November 25, 2023, but denies that it was Plaintiff's employer for the remainder of the period asserted in the Complaint.

17. Defendant admits that it employed Plaintiff within the meaning of the FLSA for the period of September 3, 2023 – November 25, 2023, but denies that it employed Plaintiff for the remainder of the period asserted in the Complaint.  Defendant denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant admits that, for the period of September 3, 2023 – November 25, 2023, Defendant maintained limited control, oversight and direction over Plaintiff, including payroll and other employment practices.  Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. Admitted.

## JURISDICTION AND VENUE

20. Admitted.

21. Admitted.

22. Defendant admits that venue is proper in the Eastern District of Texas because Defendant does business here and employed Plaintiff here, but Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

## FACTUAL ALLEGATIONS

23. Admitted.

24. Defendant admits that, for the period of September 3, 2023 – November 25, 2023, Plaintiff sometimes worked more than 40 hours per workweek.  Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits that, for the period of September 3, 2023 – November 25, 2023, Plaintiff sometimes worked more than 40 hours per workweek.  Defendant further admits that it paid Plaintiff on a salary basis, not hourly with overtime.  Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. Denied.

27. Defendant denies that Plaintiff's primary duties were non-exempt in nature. Defendant admits that sometimes Plaintiff performed some duties that hourly employees also performed.  Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff was supervised to a limited extent, and that Defendant had policies and procedures.  Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff did not have authority to fire employees, but Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits that, for the period of September 3, 2023 – November 25, 2023, Defendant uniformly classified Plaintiff as exempt from the FLSA's overtime pay requirements.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act- Overtime Wages

36. Defendant realleges and incorporates by reference all denials and other statements in all preceding paragraphs.

37. Denied.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. Admitted as to Defendant generally, but deny with respect to Plaintiff.

41. Admitted.

42. Defendant admits that Plaintiff was an employee within the meaning of the cited provisions for the period of September 3, 2023 – November 25, 2023, but Defendant denies that it employed Plaintiff for the remainder of the period asserted in the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent any response is required, Defendant denies that Plaintiff is entitled to any relief.

## JURY DEMAND

No response necessary, but to the extent any response is required, Defendant denies that Plaintiff's claims present a genuine issue for trial.

## GENERAL DENIAL

To the extent any allegations in the Complaint are not specifically admitted, Defendant denies them.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated in this Answer. In addition to the defenses described below, subject to the responses above, Defendant reserves the right to modify, amend, and expand upon these defenses as discovery proceeds, and to allege additional defenses that become known through discovery.

## EXEMPTIONS

Plaintiff's claims are barred because she was an exempt employee under at least the executive and administrative exemptions of the FLSA.

## STATUTE OF LIMITATIONS

Plaintiff's claims are barred, in whole or in part, under the applicable two-year statute of limitations.

**GOOD FAITH**

Plaintiff is not entitled to liquidated damages because Defendant's actions were in good faith and under the reasonable belief that they did not violate the FLSA.

**ESTOPPEL**

Plaintiff cannot recover on her claims because she asserts rights inconsistent with her previous position, to the disadvantage of Defendant.  It would be unconscionable to allow Plaintiff to maintain her current position, which is inconsistent with one to which she acquiesced or from which she accepted benefits.

**REQUEST FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests the following relief after final trial:

a.  That Plaintiff take nothing by her Complaint;

b.  Attorney's fees, expenses, and costs through trial and appeal;

c.  Pre-judgment and post-judgment interest at the maximum legal rate; and

d.  Such other and further relief, at law or in equity, to which Defendant is justly entitled.

Dated: April 17, 2025

Respectfully submitted,

*/s/ Brett F. Miller*
Brett F. Miller
State Bar No. 24065750
brett@millerfairhenry.com
Garrett Parish
State Bar No. 24125824
garrett@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
**ATTORNEYS FOR DEFENDANT**


**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on April 17, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Eastern District of Texas, using the Court's electronic case filing system. I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

DATED:  April 17, 2025

*/s/ Brett F. Miller*
Brett F. Miller